NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON ISAAC REYES-PEREZ, | No. 20-72323 |
| Petitioner, | Agency No. A208-576-550 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2022**
Pasadena, California

Before: BENNETT and KOH, Circuit Judges, and KATZMANN,*** Judge.

Brandon Isaac Reyes-Perez, a citizen of Guatemala, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

an order of an immigration judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). We review due process claims de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011–12 (9th Cir. 2010). We deny the petition.

1.      Substantial evidence supports the BIA's denial of asylum because Reyes-Perez failed to show past persecution or a well-founded fear of future persecution.

As to past persecution, Reyes-Perez failed to show that: (1) gang members targeted him on account of a protected ground; and (2) the Guatemalan government was unwilling or unable to control such gangs.[1]

First, Reyes-Perez's proposed social group of "Young Men who have been threatened by Guatemalan Gang Members and Whose Family has been Threatened Similarly by the same Gang Members" is impermissibly circular. His group is not cognizable because it cannot "exist independently of the fact of persecution." *Diaz-*

---

[1] Because either failure alone is fatal to establishing past persecution, we need not address the BIA's determination that the harm Reyes-Perez suffered did not rise to the level of persecution.

*Reynoso v. Barr*, 968 F.3d 1070, 1081 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11 (BIA 2014)).

Second, Reyes-Perez never reported his two gang incidents to the police. Reyes-Perez did not provide sufficient evidence to support his allegation that the police would not have assisted him if he had reported the incidents. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (holding failure to report domestic violence due to belief that police would do nothing did not establish that the Honduran government was unwilling or unable to address domestic violence). Although the record contains evidence that Guatemala has problems with gang violence, the IJ correctly noted that the record also contains evidence that the Guatemalan government has taken preventative and corrective action. Thus, the record does not compel the conclusion that the Guatemalan government is unable or unwilling to control gangs within the country. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("[A] country's government is not 'unable or unwilling' to control violent nonstate actors when it demonstrates efforts to subdue said groups.").

As to fear of future persecution, the BIA did not err in determining that Reyes-Perez's fear of future persecution was not objectively reasonable and therefore was not well-founded. Reyes-Perez's sole challenge to this finding was that "[t]he [BIA] did not provide any analysis." This argument fails because the

BIA adopted the IJ's analysis "as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

2.      Substantial evidence supports the BIA's determination that Reyes-Perez did not meet his burden for withholding of removal to establish a clear probability of future persecution. An applicant who is unable to show a "reasonable possibility" of future persecution for asylum "necessarily fails to satisfy the more stringent standard for withholding of removal." *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004)).

3.      Substantial evidence also supports the BIA's determination that Reyes-Perez did not meet his burden for CAT relief to show a "particularized threat of torture." *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022). The country conditions evidence Reyes-Perez submitted indicated that Guatemala has problems with gang violence, but neither that evidence nor Reyes-Perez's testimony indicated any particularized risk of torture to Reyes-Perez or his family. Indeed, Reyes-Perez's family in Guatemala remained unharmed. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (determining that generalized evidence of violence and crime in Mexico was not particular to petitioners and therefore was insufficient to establish CAT eligibility).

4.      Finally, the BIA adequately addressed all Reyes-Perez's arguments on

4

appeal. The BIA expressly adopted and affirmed the IJ's written decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) (observing that *Burbano* affirmance is "a statement that the Board's conclusions upon review of the record coincide with those which the immigration judge articulated in his or her decision"). The panel therefore "review[s] the IJ's order as if it were the BIA's." *Kwong*, 671 F.3d at 876. The IJ's written decision sufficiently addressed Reyes-Perez's arguments, thus the BIA's decision did as well.

**PETITION DENIED.**